IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEBORAH BARBERIO, Administratrix
of the Estate of Samuel A. Barberio,
deceased,

    Plaintiff,

v.                                    Civil Action No. 5:08CV132
                                              (STAMP)

AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.   Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant, in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Marshall County, West Virginia, asserting two causes of action against the defendant, including a breach of contract claim and a first-party bad faith claim. Following removal of the action to this Court, the plaintiff filed a motion to remand to which the defendant responded. For the reasons set forth below, the plaintiff's motion to remand is granted.

II.   Facts

The plaintiff, Deborah Barberio, is the Administratrix of the Estate of Samuel A. Barberio ("Mr. Barberio").[1] At the time of his

---

[1] Samuel A. Barberio died on May 24, 2006. On August 16, 2006, the plaintiff, Deborah Barberio, was appointed administratrix of

death, Mr. Barberio was insured under the terms of a cancer policy issued by the defendant, American Family Life Assurance Company of Columbus ("AFLAC"). The plaintiff alleges that by January 3, 2007, the defendant had all necessary and appropriate claim documents within its control to justify a payment of benefits to which the plaintiff was entitled under the cancer policy. Nevertheless, the plaintiff argues that the defendant failed to make timely payments of the benefits due. Based on these facts, the plaintiff is asserting claims for breach of contract and first-party bad faith.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

---

his estate by the Clerk of the County Commission of Marshall County, West Virginia.

IV. <u>Discussion</u>

In her motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusives of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

In this case, the plaintiff's complaint does not set forth a total monetary sum requested. Rather, in her complaint, the plaintiff requests only "an award of compensatory and punitive damages, her attorney fees and costs, and such relief as this court may deem just, proper and fit." (Pl.'s Compl. 5.) The defendant

3

argues that the amount in controversy is in excess of the jurisdictional minimum because the plaintiff requests punitive damages, attorney's fees, and compensatory damages for intangible injuries including loss of use of funds, annoyance, aggravation, and inconvenience. In its response to the plaintiff's motion to remand, the defendant states the following in defense of federal diversity jurisdiction:

> [The plaintiff's] conceivable damages, including, <u>but not limited to</u>, expenses and costs, loss of use of funds and annoyance, and aggravation inconvenience, coupled with attorney's fees totaling approximately one third of her recovery and punitive damages of up to nine times her compensatory damages make it highly likely that, she will receive an award exceeding the $75,000 jurisdictional minimum if she prevails.

(Def.'s Resp. Mot. Remand 7-8.) (emphasis supplied).

After careful consideration of the briefs filed in support of and in opposition to the plaintiff's motion to remand, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. See <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932 (S.D. W. Va. 1996).

Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed, $75,000.00. See <u>Etchison</u>

4

v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was proper based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiff's motion to remand must be granted. Nothing prevents, however, the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[2]

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of

---

[2] Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

the Circuit Court of Marshall County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    October 24, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE